In the Matter of the Administration of the Estate of ELMER E.
FRYE, Deceased; DEAN ALVORD, Appellant, W. D. McGUIRE,
Respondent.

*Incorporation . of a private business — payment for stock to the owner of the
business before the transfer of the business to the corporation — relation of debtor
and creditor not created — administratorship.*

Elmer E. Frye, being engaged in business, procured the organization of an
incorporated company to purchase his business; the proper certificate of incor-
poration was duly executed and filed, which showed that not less than ten per
cent of the capital stock was subscribed for, and that ten per cent of the
amount subscribed had been paid in cash to the directors; and officers of the
company were duly elected, of whom Frye was the treasurer, but the company
never became qualified to do business, because one-half of the capital stock
was never subscribed for. Dean Alvord, an original subscriber for five shares
of the stock at the price fixed, of fifty dollars a share, paid ten per cent (twenty-
five dollars) thereon at the time of the organization.

The business was never transferred to the company but, pending the expected
transfer, was carried on as before by Frye, individually. Frye being in
want of money for the business, Alvord paid him $975, and took from him
a certificate for twenty shares of full-paid stock of the company, of the value
of $1,000, which included the five shares originally subscribed for by Alvord,
and also received from Frye a promise of interest on the $975, until the busi-
ness should be transferred to the company, it being understood between them
that Fry would use the money in his own business until that time. The cer-
tificate given to Alvord bore the names of the president and treasurer of the
company, it having been one of a number signed in blank by the president for
the convenience of the treasurer, in case of the sale of stock.

*Held*, that these facts did not create the relation of debtor and creditor between
Frye and Alvord;

And, hence, that, on Frye's death Alvord was not entitled to be appointed his
administrator on the ground of his being a creditor.

APPEAL by Dean Alvord from a decree of the Surrogate's Court
of Monroe county, entered in the office of the surrogate on the 19th
day of May, 1893, revoking letters of administration upon the
estate of Elmer E. Frye, deceased, theretofore granted to said Dean
Alvord, and awarding letters of administration to W. D. McGuire,
petitioner.

*George A. Carnahan,* for the administrator, Dean Alvord,
appellant.

*Horace McGuire,* for petitioner, W. D. McGuire, respondent.

DWIGHT, P. J.:

Letters of administration were granted to the appellant, on his own petition, as a creditor of the estate; they were revoked by the order here appealed from, on the ground that he was not, in fact, such creditor   The facts established by the evidence were, briefly, as follows: The decedent, Frye, being engaged in the business of buying and selling grain at Rochester, procured the organization of an incorporated company to purchase the business from him.   The organization was, in all respects, in accordance with law; the proper certificate of incorporation was duly executed and filed, which showed that not less than ten per cent of the capital stock was subscribed, and that ten per cent of the amount subscribed had been paid in cash to the directors, and officers were duly elected, of whom Frye was the treasurer; but the company never became qualified to do business because one-half of the capital stock was never subscribed.

The appellant was an original subscriber for five shares of the stock at the price, fixed, of fifty dollars a share, and paid ten per cent (twenty-five dollars) thereon at the time of the organization. Very few, if any, subscriptions to the stock were ever made beyond the ten per cent mentioned in the certificate, and the business was never transferred to the company, but, pending the expected transfer, was carried on as before, by Frye, individually.   Frye came to be in want of money for the business, and upon that fact becoming known to Alvord, the latter paid him $975, and took from him a certificate of twenty shares of full-paid stock of the company, of the par value of $1,000, which included the five shares originally subscribed by him, on which he had paid twenty-five dollars at the time of the organization.   Alvord also received from Frye the promise to pay him the interest on the $975 until the business should be transferred to the company, it being understood between them that Frye would make use of the money in his own business until that time.   The certificate given to Alvord bore the names of the president and treasurer of the company, it having been one of a number which were signed in blank by the president for the convenience of the treasurer, in case of the sale of stock.

This was the transaction between Frye and Alvord, out of which, if at all, arose the relation of debtor and creditor between them.

We think it reasonably clear that the relation was not created thereby. The transaction was, no doubt, irregular in some respects, but its character was not obscure. It was clearly the intention of Alvord to increase his holding of the stock of the company from five shares to twenty shares, and to pay for the whole of it in full. This it was entirely competent for him to do, and this was, undoubtedly, the effect of the transaction. He testifies that he dealt with Frye as the treasurer of the company, and paid him the money as such, and the certificate which he received, if not in all respects regularly issued to him, was good, at least, as a voucher and entitled him to a certificate for twenty shares of full-paid stock. The money paid by him, therefore, belonged to the company, and he had no claim to recover it from Frye. It was not paid to the latter under any mistake of fact, and there is no ground for imputing to him any fraud in the transaction as between himself and Alvord. All the facts of the case were equally known to both parties, and it was the intention of both that Frye should use the money in the business until the business should be transferred to the company. The facts of the case are, we think, equally fatal to the contention of the appellant that he was the creditor of the decedent in respect to the interest which the latter agreed to pay him for the use of the money pending the transfer of the business to the company. Such an agreement was, clearly, an unlawful one as being, in effect, if not in intention, a fraud upon the company, to which the money belonged ; and, the parties thereto being *in pari delictu*, neither will be heard to assert a claim against the other, based upon that agreement.

The views here expressed are based, we conceive, upon elementary principles, and if correct they result in the denial to the appellant of the relation of creditor, to any extent, of the decedent, and, consequently, in the affirmance of the order revoking the letters of administration which were issued to him in that capacity.

LEWIS and HAIGHT, JJ., concurred.

Decree of the Surrogate's Court of Monroe county appealed from affirmed, without costs to either party.